UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LARON A. MINGO,

    Petitioner,

v.                                                              Case No. 1:24cv83-AW-HTC

STATE OF FLORIDA,

    Respondent.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner, Laron A. Mingo, proceeding *pro se* and *in forma pauperis*, filed a petition under 28 U.S.C. § 2254, challenging his bail in Dixie County Circuit court as excessive.[1] Doc. 1. Upon review of the petition under Habeas Rule 4, *see also,* 28 U.S.C. § 636, N.D. Fla. Loc. R. 72.2(B), the Court determined the claim was not exhausted and gave Petitioner an opportunity to show cause why the case should not be dismissed. Docs. 5 & 6. After review, the undersigned respectfully recommends the petition be dismissed without prejudice for failure to exhaust.

---

[1] Although Mingo has named the State of Florida as the respondent, Mingo is in the custody of the Dixie County Jail, not the Florida Department of Corrections. Therefore, neither the State nor the Secretary of the Department of Corrections is the proper respondent. *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Instead, the proper respondent is the warden of the Dixie County Jail. *See id*. Therefore, the Sheriff of Dixie County, who administers the jail, is the proper respondent, and the clerk shall be directed to change the respondent on the docket.

Mingo is a pretrial detainee at the Dixie County Jail charged in five criminal cases pending in the Third Judicial Circuit Court for and in Dixie County, Florida, with aggravated battery, armed burglary, and four counts of selling drugs within 1000 feet of a park or school.[2] According to the federal petition, Mingo's bail was set at $ 1.256 million, which he contends is excessive and violates Article I of the Florida Constitution and the Eighth Amendment of the United States Constitution. Doc. 1.

Mingo's petition is due to be dismissed without prejudice as unexhausted. While pre-trial habeas relief is available to challenge excessive bail, *Stack v. Boyle*, 342 U.S. 1, 5-6 (1951), Mingo is not entitled to federal review until he has exhausted his state court remedies. *See, e.g., Jackson v. Fla.*, 2018 WL 6653348, at *3 (M.D. Fla. Dec. 19, 2018) ("[I]f Plaintiff wishes to bring an action based upon the Eighth Amendment's prohibition against excessive bail or force the State to promptly bring him to trial, Plaintiff should seek relief via an individual pretrial habeas corpus petition . . . after he has exhausted his state court remedies."); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law

---

[2] Mingo is charged in the following cases pending in the Third Judicial Circuit in and for Dixie County, Florida: 2023 CF 336, 2023 CF 337, 2023 CF 338, 2023 CF 339, and 2023 CF 361. Online dockets for these cases are available at https://www.civitekflorida.com/ocrs/county/15/. The Court takes judicial notices of those dockets. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).

requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring).

Mingo has not exhausted the state-court remedies available to him. He has not challenged his bail as excessive through properly filed pretrial motions. Doc. 1. He has not filed a petition for writ of habeas corpus in the appellate court. *See State ex rel. Scaldeferri v. Sandstrom,* 285 So.2d 409, 412–13 n.1 (Fla. 1973) (citing *Robinson v. State*, 95 So. 3d 437, 438 (Fla. Dist. Ct. App. 2012)). In his response, Mingo admits he did not exhaust these state remedies. Doc. 6. He states that he has two criminal cases pending and had filed various motions/notices with the circuit court, asking to be placed in a drug offender program in four of them and for pretrial release in a fifth one. He admits he has not yet received a ruling on them. He also admits he did not file any appeal, petition for writ of mandamus, or petition for writ of habeas corpus.

Therefore, the undersigned recommends this action be dismissed *sua sponte* without prejudice for failure to exhaust.[3] Also, the undersigned will direct the clerk to provide the Dixie County Sheriff (who is the proper respondent) a copy of the petition and this Report and Recommendation so that the Sheriff will also have an

---

[3] The Court also notes that even if Mingo had exhausted this claim, it would still be barred under the *Younger* doctrine. *See Dale v. Bradshaw*, 2021 WL 3566304, at *3 (S.D. Fla. Aug. 12, 2021) (dismissing *sua sponte* petition based on excessive bail under *Younger*, because the state court criminal proceedings involve an important state interest and petitioner has an adequate opportunity to challenge his bond in Florida state courts).

opportunity to respond to the Report and Recommendation, including to inform the Court if the Respondent intends to waive the lack of exhaustion defense. *See Paez*, 947 F.3d at 649.

## CERTIFICATE OF APPEAL

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Because the undersigned finds the petition to be unexhausted, no evidentiary hearing is warranted.

Also, no certificate of appealability is appropriate in this case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b). After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it

is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall substitute the Sheriff of Dixie County for the State of Florida as the proper respondent.

2. The clerk shall send a copy of the Petition and this Report and Recommendation to the Sheriff of Dixie County. These copies are being provided for purposes of notifying the Sheriff of this Report and Recommendation *only* and should not be considered as service of the petition on the Sheriff.

Additionally, it is respectfully RECOMMENDED that:

1. The petition under 28 U.S.C. § 2254, Doc 1, be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies, without an evidentiary hearing.

2. A certificate of appealability be denied.

3.   The clerk be directed to close the file.

DONE in Pensacola, Florida this 1st day of July, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.